## DUGGER *v.* STATE.

### [66 South. 327.]

COUNTIES. *Taxes. Commutation road tax. Misdemeanor. Ordinances. Power of supervisors. "Make compulsory." Laws* 1910, *chapter* 150, *section* 2. .

Under Laws 1910, chapter 150, section 2, providing that boards of supervisors may raise funds for roads and bridges by a commutation tax on all persons subject to road duty, the payment of which they may "make compulsory," while the board is given power to pass an ordinance to "make compulsory," the payment of a commutation tax, this language does not in express terms confer upon the board of supervisors the power to make a failure to pay the tax a misdemeanor, nor is such power necessarily implied, as there are other ways by which delinquents may be forced to pay the tax.

APPEAL from the circuit court of Coahoma county.

HON. W. A. ALCORN, JR., Judge.

Will Dugger was convicted of violating an ordinance of the board of supervisors of Coahoma county making it a misdemeanor for one against whom commutation road taxes have been assessed to fail to pay the same and he appeals.

The facts are fully stated in the opinion of the court.

*Salter & Longino,* for appellant.

In the first place the tax, although named a commutation tax, commutes nothing. It is a stipulated sum to be paid, not in lieu of something else, but absolutely. In the second place, the act states it is a revenue measure, and in the third place, section 6, of chapter 178, Laws of 1912, creating the office of collector of commutation taxes in counties operating under this law in defining powers and duties of the collector, states clearly that he may collect by restraint and nothing shall be exempt. We there-

fore conclude that this tax of three dollars provided by chapter 150, Laws of 1910, and its amending chapters 257 and 258, Laws of 1912, are and were clearly intended by the legislature to be a per capita tax collectible as revenue. Being then a revenue tax and not a police regulation, it is not a violation of any criminal law to fail in the payment thereof, even after the date fixed by statute, and the state's contention that the clause in section ·2, chapter 150, Laws of 1910 which provides that "the payment of which the boards may make compulsory" gives the board the implied power to legislate on the subject, is fallacious in the extreme. It is elementary and needs no citation of authority to establish: (1) That sovereignty cannot collect revenue by criminal prosecution; (2) that the legislature cannot, eithed by direct enactment or implication, empower another body to exercise its functions of making laws. Then for that reason we say that the demurrer should have been sustained. First, the state cannot collect its revenue by criminal prosecution; second, the legislature alone must enact all laws and cannot delegate this function to any other body; third, not having expressed itself clearly as to the meaning of the clause in the act "the payment of which (three dollars commutation tax) the board of supervisors may make compulsory," and this clause being the foundation of the board's authority for enacting the order making it a crime to refuse to pay the tax, the whole must be construed strictly, and in the absence of direct legislative expression must be held and decided in favor of the defendant. The order was *ultra vires* and void and the demurrer should have been sustained.

*Geo. H. Ethridge,* for appellee.

There can be no question of the power of the legislature and the board of supervisors acting jointly to make the regulations and adopt the system covered in this record. So far as the record shows, chapter 150 of the

Laws of 1910, as amended, and chapter 178 of the Laws of 1912, constitute the sole road system in Coahoma county. The act of the legislature is silent as to what methods the board of supervisors shall adopt and may adopt to make the payment of the tax compulsory.

It follows that from the general grant of power to the board, that the board may adopt any appropriate method of making the payment compulsory. The usual way and the most logical and practical way to make it compulsory, is for the board to pass an ordinance as it did do, declaring the nonpayment to be a misdemeanor. It is clear it had authority to pass such an ordinance, or to pass any ordinance or law necessary to the exercise of their constitutional or their statutory power. This has been expressly held in the case of *Ex parte Fritz,* 86 Miss. 210, that the exercise by the board of supervisors of legislative powers conferred by statute are valid, and was also held in this case, that a justice of the peace could exercise the jurisdiction to enforce the ordinances of the board of supervisors. In speaking of this power, the court says on page 221 of the above report: "Under the Constitution of 1869, and also of 1890, the board of supervisors has performed many duties which are essentially legislative in their nature as, the levying of taxes; the support of schools; the making of regulations for the pasturing of cattle and the cultivating of crops without fences; the establishment of quarantine and regulations by hygiene; the inspection of articles of food; the drainage of swamp lands; the licensing or prohibition of the liquor traffic; the working of convicts on county farms; the regulation of the taking of oysters, fish, and game, and many others. Power to do none of these things is conferred in express terms directly by the Constitution. Power to do them all has been delegated by the legislature. In pursuance of the power given to prescribe other duties than those named in the Constitution to be performed by the board of supervisors. Hav-

ing been delegated by the legislature under constitutional warrant, they have become as much a part of the jurisdiction of the board of supervisors as if the power to do them had been expressly and specifically conferred by the Constitution itself. To hold otherwise would be to rob the board of supervisors of the great mass of its jurisdiction and practically destroy its usefulness, as well as render nugatory the implied grant by the Constitution to the legislature of power to impose other duties not prescribed in the Constitution.

Legislation imposing duties of similar kind upon the board of supervisors has been heretofore upheld by this court, and we see no reason now for departure from long recognized principles, and thereby subverting a public policy which gives so large a measure of local self-government to the several counties of the state, and whose wisdom has been so fully vindicated in the beneficent results which have attended its operation. *Barataria Canning Co.* v. *Ott,* 84 Miss. 737, S. C., 37 So. 121; *Ormond* v. *White,* 85 Miss. 276; S. C., 37 So. 834."

Cook, J., delivered the opinion of the court.

The board of supervisors of Coahoma county, by an order entered on its minutes, elected to work the public roads under the provisions of chapter 150 of the Laws of 1910, and by authority of chapter 178 of the Laws of 1912 elected a collector of commutation road taxes. At the June meeting of 1910 the board of supervisors passed an ordinance making the three dollars commutation tax due and payable forthwith, and the collector was directed to collect the tax from all persons liable therefor, on or before August 1, 1910, and annually thereafter, and providing, further, that all persons not paying the tax should be guilty of a misdemeanor, and on conviction should be fined five dollars and costs. Appellant was convicted for violating this ordinance; wherefore this appeal.

It is contended by the state that the legislature may delegate to the board of supervisors the power to pass ordinances for the purpose of enforcing the payment of the commutation road tax, and that this authority was conferred upon the board of supervisors by chapter 150 of the Laws of 1912. If we should assume that the contention of the state is sound, it remains only to determine whether the legislature did in fact empower the board of supervisors to pass and enforce the ordinance under which appellant was convicted. Authority to pass the ordinance in question must be found, if at all, in section 2 of chapter 150, Laws of 1910, which is.as follows:

"The said boards may raise funds for the working of roads and building bridges by bond issues not to exceed five per cent. of the assessed valuation of the real and personal property of the several counties exclusive of outstanding bonds, by a commutation tax of three dollars on all persons subject to road duty, which they are authorized to have collected by the tax collector and the payment of which they may make compulsory, by an *ad valorem* tax on the assessed valuation of the real and personal property of the county or by an acreage tax, or by both or any or all of said methods: Provided this act shall not repeal any other act or alter any other method of working public roads; and provided this act shall not apply to any county until such county shall, by an order entered upon the minutes, the board of supervisors shall elect to come under the provisions of this act."

The board of supervisors is thus given the authority to pass an ordinance to "make compulsory" the payment of the commutation tax. This language does not in express terms confer upon the board of supervisors the power to make a failure to pay the tax a misdemeanor; but it is insisted that this power is necessarily implied. There are other ways by which delinquents may be forced to pay the tax, and we do not think the language employed by the legislature is sufficiently broad to empower

the board of supervisors to make the nonpayment of the tax a misdemeanor. We have assumed that this power could be delegated, for the purposes of this decision, because we think we are not called upon to pass upon the constitutionality of the law unless it is necessary to do so—in order to preserve the rights of the party challenging the constitutionality of the law under which he was convicted.

In this instance the legislature did not authorize the board of supervisors to pass the ordinance under review, and the judgment of the circuit court is reversed, and the case dismissed.

*Reversed and dismissed.*